**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

Jeff Madsen

    Plaintiff

-against-

John Harris                  Case No. 1:16-CV-02170-MC

    Defendant           **COMPLAINT FOR VIOLATIONS**
                                   **OF THE TCPA**
                                   DEMAND FOR JURY TRIAL

## I. The Parties to This Complaint

A. The Plaintiff - Jeff Madsen 1070 Pleasant Way , Ashland, OR 97520
Ph. 541- 326-7864 , email - fro756@gmail.com
Plaintiff, Jeff Madsen, is a natural person and is a resident of the State of Oregon.

B. The Defendant - John Harris, doing business as (dba) **Business Partner Services**
12620 Beach Blvd., <u>Suite 3-250</u> Jacksonville, FL 32246
Ph. 904-372-8950, email - 7figurecash@gmail.com,
is a natural person and is a resident of the State of Florida. No business
incorporation information is available for John Harris.

# COMPLAINT FOR A CIVIL CASE

## JURISDICTION AND VENUE

### II- The basis for the federal court jurisdiction is a Federal question.

1. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. ORS 14.030 , 14.040,

14.050 and Jurisdiction (Personal) Rule 4 D (1), L .

2. Venue is proper pursuant to 28 U.S.C. §1391b. , ORS 14.030, 14.040, 14.050.

Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

3. This is an action for damages which exceed $32,000. 00.

## PRELIMINARY STATEMENT

4. Plaintiff, Jeff Madsen , individually, hereby sues Defendant John Harris dba Business Partner Services (BPS), for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC §227(b)(1), 47 USC § 227(b)(1)(a) (iii). And for violations of the Oregon Revised Statutes (ORS) ORS 646.569, 646A.372 .

5. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(b)(1)(a) (iii). And for violations of the Oregon Revised Statutes ORS 646.569, 646A.372 .

6. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. *See Exhibit A 1-2*   Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.  There may also be additional violations unknown to Plaintiff at this time, revealed during Discovery. Plaintiff reserves the right to amend his Complaint to incorporate any additional violations that are revealed in Discovery.

7. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff by making unsolicited phone calls to his cell phone without Plaintiff's prior express written consent or having an established business relationship.

8. Plaintiff has registered his cell phone with the National Do Not Call list http://www.donotcall.gov   since 2010.

9.  Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[1]

One of the most important protections of the TCPA is its prohibition of autodialed or prerecorded calls to cell phones without the consent of the called party. The types of harm that unlawful robocalls cause clearly meet the requirement of concreteness as articulated in *Spokeo*.[2]

Robocalls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction. All of these harms meet the requirement of concreteness as interpreted by *Spokeo*.[2]

### In addition to the statutory violations of the TCPA and ORS, Defendant caused harm to Plaintiff in the following ways.

1.  Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

2.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

3.  Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

4.  Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

5.  Defendant harassed Plaintiff by incessantly making phone calls to Plaintiff's telephone.

6.  Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

7.  Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

8.  Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

9.  Defendant's phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

---

[1] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. *See also* Mims v. Arrow Fin. Services, L.L.C., ___ U.S. ___, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy")

[2] Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

**The invasion of privacy caused by robocalls provides Article III standing**

Article III, section 2, of the United States Constitution limits the judicial power of federal courts to cases and controversies. To qualify as a case or controversy, a plaintiff in federal court must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.

Invasion of privacy is an intangible harm that is recognized by the common law. Almost all states recognize invasion of privacy as a common law tort.3 A number of post-*Spokeo* decisions have cited the invasion of privacy as a concrete injury when caused by unwanted robocalls.4

The prong of the invasion of privacy tort that makes intrusion upon seclusion actionable has often been applied to unwanted telephone calls. Indeed, the Protection of consumers' privacy rights was clearly foremost on Congress's mind when it enacted the telephone call restrictions of the TCPA. The Congressional findings accompanying the TCPA repeatedly stress the purpose of protecting consumers' privacy: in part,

(5) Unrestricted telemarketing, however, can be an *intrusive invasion of privacy* and, when an emergency or medical assistance telephone line is seized, a risk to public safety.

(6) Many consumers are outraged over the proliferation of *intrusive, nuisance calls* to their homes from telemarketers.

(12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this *nuisance and privacy invasion*.

(14) Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls *are a nuisance, are an invasion of privacy*, and interfere with interstate commerce.5

As was forcefully stated by Senator Hollings, the Telephone Consumer Protection Act's sponsor, "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."6

---

3 Eli A. Meltz, *No Harm, No Foul? Attempted Invasion of Privacy and the Tort of Intrusion Upon Seclusion*, 83Fordham L. Rev. 3431, 3440 (May 2015) (state-by-state survey; "[c]urrently, the vast majority of states recognize the intrusion strand of invasion of privacy either under common law or by statute"). *See also* A.D. v.Credit One Bank, N.A., 2016 WL 4417077, at *7 (N.D. Ill. Aug. 19, 2016) ("American and English courts have long heard cases in which plaintiffs alleged that defendants affirmatively directed their conduct at plaintiffs to invade their privacy and disturb their solitude."); National Consumer Law Center, Fair Debt Collection § 9.3.1 (8th ed. 2014), *updated at* www.nclc.org/library.

4 A.D. v. Credit One Bank, N.A., 2016 WL 4417077, at *7 (N.D. Ill. Aug. 19, 2016) (violation of the substantive right to be free from telemarketing calls is sufficient to constitute a concrete, *de facto* injury; "American and English courts have long heard cases in which plaintiffs alleged that defendants affirmatively directed their conduct at plaintiffs to invade their privacy and disturb their solitude"); Krakauer v. Dish Network, L.L.C., ___ F.R.D. ___, 2016 WL 4272367, at *2 (M.D.N.C. Aug. 5, 2016) ("These calls form concrete injuries because unwanted telemarketing calls are a disruptive and annoying invasion of privacy."); Ung v. Universal Acceptance Corp., ___ F. Supp. 3d ___, 2016 WL 4132244 (D. Minn. Aug. 3, 2016); Cour v. Life360, Inc., 2016 WL 4039279 (N.D. Cal. July 28, 2016) (a single unwanted text message is an invasion of privacy that meets Article III's concreteness requirement); Caudill v. Wells Fargo Home Mortg., Inc., 2016 WL 382019, at *2 (E.D. Ky. July 11, 2016) (finding standing under *Spokeo*; invasion of privacy has traditionally been regarded as basis for a lawsuit, and Congress intended TCPA to protect consumers from nuisance, invasion of privacy, cost, and inconvenience; fact that an individual could have made the same calls does not deprive plaintiff of standing); Mey v. Got Warranty, Inc., ___ F.

Thus, Congress repeatedly identified the intangible harm of invasion of privacy as one of its primary concerns when it enacted the TCPA. Its judgment that this harm is legally cognizable should be given great weight.[7]

## The intrusion upon and occupation of the capacity of the consumer's phone caused by robocalls provides Article III standing

Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property"[8] is trespass.

## Wasting the consumer's time and causing risk of injury due to interruption and distraction provides Article III standing

A final intangible harm caused by robocalls is that they waste the time of the recipient, who must tend to the unwanted calls. The first post-*Spokeo* decision to address robocalls squarely holds that wasting the recipient's time is a concrete injury that satisfies Article III: Here, the court is satisfied that Plaintiffs' allegations demonstrate "concrete injury" as elucidated in *Spokeo*. In *Spokeo*, the "injury" Plaintiffs incurred was arguably merely procedural and thus non-concrete. In contrast, the TCPA and [state law] violations alleged here, if proven, required Plaintiffs to waste time answering or otherwise addressing widespread robocalls. The use of the autodialer, which allegedly enabled Defendants to make massive amounts of calls at low cost and in a short period of time, amplifies the severity of this injury. As Congress and Washington State's legislature agreed, such an injury is sufficiently concrete to confer standing.[9]

Courts hold that even a single unwanted text message is an invasion of privacy and meets the concreteness requirement as defined by *Spokeo*[10] and that the risk of harm is sufficient to give consumers standing even for calls that they do not hear or answer.[11]

---

Supp. 3d ___, 2016 WL 3645195, at \*5 (N.D. W. Va. June 30, 2016). *But see* Romero v. Dep't. Stores Nat'l Bank, ___ F. Supp. 3d ___, 2016 WL 4184099, at \*3 (S.D. Cal. Aug. 5, 2016) (mistakenly reading *Spokeo* to hold that a statutory violation alone cannot be a concrete injury, when *Spokeo* holds that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified"; also mistakenly requiring plaintiff to demonstrate that each of 290 unwanted calls, in isolation, caused a concrete harm; finding invasion of privacy insufficient).

[5] Pub. L. 102–243, § 2, 105 Stat. 2394 (1991) (emphasis added) (found as a note to 47 U.S.C. § 227).

[6] 137 Cong. Rec. 30,821–30,822 (1991). *See also* S. Rep. 102-178, at 5 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968, 1972–1973 ("The Committee believes that Federal legislation is necessary to protect the public from automated telephone calls. These calls can be an invasion of privacy, an impediment to interstate commerce, and a disruption to essential public safety services.").

[7] *See, e.g.,* A.D. v. Credit One Bank, N.A., 2016 WL 4417077, at \*7 (N.D. Ill. Aug. 19, 2016) (Congress enacted the TCPA to protect consumers from the annoyance, irritation, and unwanted nuisance of telemarketing phone calls, granting protection to consumers' identifiable concrete interests in preserving their rights to privacy and seclusion"); Mey v. Got Warranty, Inc., ___ F. Supp. 3d ___, 2016 WL 3645195, at \*5 (N.D. W. Va. June 30,2016)

[8] Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S. Ct. 1540, 1551, 194 L. Ed. 2d 635 (2016) (Thomas, J., concurring).

## III. Statement of Claim - FACTUAL ALLEGATIONS

10. From July 28, 2016 thru October 20, 2016, Defendant John Harris, and BPS by and through his online marketing business at the domain - http://secretgoldrush.com/ ("Secret"), which is a lead capture page that forwards to  the domain-

http://turbowealthsolution.net/?id=Millionaire&p   ("Turbo") which he is an affiliate member of,

(His listing on the site is as follows: From The Home Office Of: Coach John, Elite Royal Director - 20K Level, The 50K A Month Expert!, 904-372-8950, John@DoneForYou5050.com) (and also listed on Google+)) ,     *See Exhibit B*

violated the TCPA by leaving 18 voice mail messages using automatic telephone dialing system on Plaintiffs cell phone. *See Exhibit C 1-9*   Defendant contracted with Turbo and/or an outside marketing firm to make the phone calls on his behalf to solicit business from Plaintiff.

11. From July 28, 2016 thru October 20, 2016, Defendant violated the TCPA by calling Plaintiff's cell phone 18 times with no prior permission given by Plaintiff.   *See Exhibit C 1-9*

12. From July 28, 2016 thru October 20, 2016, Defendant(s) violated the TCPA by leaving prerecorded voice mail messages on Plaintiffs cell phone 18 times without prior express permission given by Plaintiff. *See Exhibit C 1-9*

---

9 Booth v. Appstack, Inc., 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (prerecorded telemarketing calls to land line). *Accord* Mey v. Got Warranty, Inc., ___ F. Supp. 3d ___, 2016 WL 3645195, at *12–13 (N.D. W. Va. June 30, 2016).

10 Ung v. Universal Acceptance Corp., ___ F. Supp. 3d ___, 2016 WL 4132244 (D. Minn. Aug. 3, 2016); Cour v. Life360, Inc., 2016 WL 4039279 (N.D. Cal. July 28, 2016). *See also* Hewlett v. Consol. World Travel, Inc., 2016 WL 4466536, at *3 (E.D. Cal. Aug. 23, 2016) (single call would be sufficient, but here plaintiff alleged multiple calls). *But see* Romero v. Dep't Stores Nat'l Bank, ___ F. Supp. 3d ___, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016) (erroneously requiring a showing of concreteness for each call in isolation).

11 *see* Romero v. Dep't Stores Nat'l Bank, ___ F. Supp. 3d ___, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016) (erroneously holding that consumer can suffer aggravation and distress only if she was aware of call when it occurred; failing to note that learning one is target of an ongoing campaign of harassment is likely to cause stress even after calls have occurred).

13. Upon information and belief, the prerecorded voice mail messages left on Plaintiff's cell phone by the Defendant directed the recipient to listen to a 12 minute promotional call and to leave your name and phone number for a call back. Then Defendant directed Plaintiff to the domain - http://secretgoldrush.com/  to enter into his affiliate website at http://turbowealthsolution.net/?id=Millionaire&p. On the Turbo site it promises to members in part – "A Voice Broadcast Campaign with a Simple Automated Voice Broadcast". On the 41 minute video :"Secrets of the Wealthy Webinar" on the Turbo site it explains how this "Lead Generating Software and Auto Dial Phone System" works,  in part  "A top secret Full Service Lead Company; ..... in the Back Office..." "We have an autodialing phone system already in place...", "leads get plugged into the autodialing phone system.... Dials all those 3000-3500 leads in about 20 minutes.... System leaves automated voice message.... 30 second teaser message...." This clearly shows that Defendant has the capacity and the method to promote his affiliate business utilizing an Autodialing Phone System, leaving Prerecorded Voice mail messages in violation of the TCPA and ORS.

## COUNT I
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227

14.  Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15.  Defendant John Harris dba Business Partner Services (BPS), through his online marketing business at  http://secretgoldrush.com/  ("Secret") and through the domain http://turbowealthsolution.net/?id=Millionaire&p ("Turbo") and/or an outside marketing firm12 has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an

automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

16.   Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12 has committed 18 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). *See Exhibit C 1-9*

17.   Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12 has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). The 18 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. Defendant John Harris individually, BPS and  through Turbo and/or an outside marketing firm12 has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling and leaving prerecorded voice mail messages at the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given John Harris, BPS, Turbo or any marketing firm, permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).  Plaintiff and John Harris, BPS, Turbo, and/or an outside marketing firm12 do not have an established business relationship within the meaning of 47 U.S.C. §227.

---

12 The identity of the marketing firm is not known at this time but will be revealed during normal discovery and Plaintiff reserves the right to amend his Complaint and add any additional Defendants as is seen appropriate.

19. Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12, have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 18 times total from 7 different phone numbers 310-589-4788 (5 calls), 310-589-4485(3 calls), and 310-589-4419 (5 calls), and 512-717-9210 (2 calls), and 512-717-6185 (1 call), and 512-717-9211 (1 call), and 512-717-6180 (1 call) with total disregard and in violation of 47 U.S.C. §227.

## COUNT II

### VIOLATIONS OF OREGON STATUTES ON CONSUMER PROTECTION

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

21. Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12, have demonstrated willful or knowing non-compliance with **ORS 646.553, ORS 646.557, ORS 646.563** by failing to register with the state of Oregon, make the proper disclosures, and soliciting a party that states their desire not to be called, using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

22. Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12, have failed to comply with the requirements of **ORS 646.569 Telephone solicitation of party who states desire not to be called,** by making 18 separate calls with prerecorded voice mail messages to Plaintiff who is listed on the National Do Not Call List.

23. Defendant John Harris individually, BPS and through Turbo and/or an outside marketing firm12, have committed 18 separate violations of **ORS 646A.372 Limits on usage of**

**automatic dialing and announcing device,** by using an automatic dialing device to send

unsolicited calls and prerecorded voice mail messages to Plaintiff.

24. Defendant John Harris individually, BPS and through Turbo and/or an outside

marketing firm12, does not meet the exemption requirements of ORS 646A.372. Defendant John

Harris individually, BPS and through Turbo and/or an outside marketing firm12, made 18

repeated calls leaving prerecorded voice mail messages without prior express consent or having

an established business relationship with the Plaintiff.

25. The Oregon Revised Statues (ORS) Chapter 646, 2015 EDITION, Trade Practices
and  Antitrust Regulation  **ORS 646.568  Findings and purpose.**
(1) The Legislative Assembly finds that:
    (a) Fraud committed by means of unwanted telephone solicitations causes economic harm to
Oregonians and constitutes an invasion of privacy and a threat to the welfare of the people of this
state.
    (b) Unwanted telephone solicitations cause Oregonians harm because:
    (A) …. Telephone solicitors have engaged in the practice of cold calling, which is the
initiation of calls to parties with whom *the telephone solicitors have no prior business
relationship,* to market scams, fraudulent schemes and worthless goods and services to
unsuspecting parties who often lose thousands of dollars as a result of the solicitations.

26. **ORS 646A.376 Enforcement; civil penalty.** Violation of ORS 646A.372 or
646A.374 is an unlawful trade practice that is subject to investigation under ORS 646.618 and is
subject to enforcement under ORS 646.632. Notwithstanding the provisions of ORS 646.642, **a
civil penalty imposed for a violation of ORS 646A.372 or 646A.374 may not exceed $5,000.**
[2007 c.823 §4; 2015 c.561 §3]

## IV. Relief,

27. **WHEREFORE,** Plaintiff prays for relief and demands judgment for damages

against Defendant John Harris, for actual or statutory damages of $1500 per violation of the

TCPA (total $27,000) and up to $5000 for violations of the ORS, and punitive damages,

attorney's fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## V.  Certification and Closing

28.  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted this 15th day of November, 2016

Jeff Madsen - Plaintiff

findwhocallsyou.com/310-589-4788



### Received call from  310-589-4788 ?

310-589-4788 number was searched 500 times.
310-589-4788 number has 9 comments.

Leave comment HERE

Last time checked: 09 Sep 2016 | 05:21 PM

### Number 310-589-4788 comments

I get a call from this clown everyday on my cell phone and I have tried blocking it, and somehow the calls get through. I have texted them to stop calling but they ignore my request. What can be done about this?
Posted on 18 Jul 2016

fast talking slick junk call
Posted on 04 Jun 2016

from malibu keeps calling
Posted on 04 Jun 2016

spam
Posted on 17 May 2016

When I answer my phone their is an immediate ringtone on the callers end.
Posted on 16 May 2016

"Done for you deal"
Posted on 28 Apr 2016

Didn't answer. Looks like a spam call!
Posted on 27 Apr 2016

good to know it's spam
Posted on 26 Apr 2016

"recorded spam call"

**e.g. 999-888-7777**

Search

The 4
Worst
Blood
Pressure
Drugs

Click Here To
Learn More

bloodpressuresolution.com

New comments

I answered speaking Spanish and they hung up...

Apparently people think they are crafty pert...



Exhibit A-1



ttps://www.everycaller.com/phone-number/1-310-589-4788/

Search · Logins · Bookmarks · (logins) | Jeff Madsen | Joe | Save | Generate | Sync | Home

Did they call you too? Add your voice to the discussion!    **Next**

**TRY FREE >**

## Add Audio Recording 🔊

**Upload**    Allowed max size for the audio file: 2 Mb

By clicking "next" you agree with the EveryCaller.com Terms of Service and Privacy Policy

## Recent Complaint Activity for (310) 589-4788

| | |
|---|---|
| An EveryCaller user reported as spam | 08/23/16 08:42 PM |
| An EveryCaller user reported as spam | 08/23/16 07:48 PM |
| A Call Center user reported as spam | 07/28/16 07:49 PM |
| An EveryCaller user suggested caller name as silent partner on millionaire team | 07/13/16 07:00 PM |
| An EveryCaller user reported as spam | 07/13/16 06:59 PM |
| A Call Center user reported as spam | 07/13/16 06:52 PM |
| An EveryCaller user reported as spam | 06/23/16 06:51 PM |
| An EveryCaller user reported as spam | 04/26/16 10:48 PM |
| A Call Center user suggested caller name as UNKNOWN | 04/26/16 07:57 PM |

## You might be interested in checking reports for these numbers

310-589-4789    310-589-4790    310-589-4791    310-589-4792    310-589-4793

Other phone numbers in the 310 area code

### Activity (310) 589-4788

HIGH

MED

LOW

Apr    May    Jun    Jul    Aug    S

### Tags For (310) 589-4788

#Silent partner on millionaire team

#Silent Partner/Millionaire team...etc

### Caller Location:

OREGON    IDAHO    WYOM

NEVADA    UTAH
San Francisco
CALIFORNIA    Las Vegas
Los Angeles    ARIZONA



Exhibit B

Exhibit C - 1



*Exhibit C-2*

310-589-4419 pg 2



7:35 PM
Missed

2016/08/31

7:50 PM
0 min 34 sec

2016/08/22

3   7:33 PM
0 min 14 sec

2016/08/15

4   7:38 PM
0 min 16 sec

2016/08/01

5   7:53 PM
Missed

Exhibit C-3



Exhibit C-4



*Exhibit C-5*

(310) 589-4788 pg 2

*Exhibit C-6*





Exhibit C-8



(512) 717-6180
Texas

CREATE CONTACT | UPDATE EXISTING

2016/07/30

2:41 PM
Missed

*Exhibit C-9*

