IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFF MADSEN,

    Plaintiff,

v.

JOHN HARRIS,

    Defendant.

Civ. No. 1:16-cv-02170-MK

OPINION AND ORDER

KASUBHAI, Judge:

Plaintiff Madsen moves this Court for a Default Judgment against Defendant Harris, aka Parr. *Pl. Mot. Default. J.*, ECF No. 65. The Court construes Plaintiff's Motion for Default Judgment as a Motion for Sanctions under Rule 37 of the Federal Rules of Civil Procedure. The Court GRANTS the Motion for the reasons and to the extent stated below.

## I.    Background

Plaintiff filed a Complaint alleging violations of 47 U.S.C. § 227 (b) *et seq.*, the Telephone Consumer Protection Act ("TCPA") and of numerous Oregon consumer protection statutes more than two years ago, on November 15, 2016. *Compl.*, ECF No. 1. He alleged that Defendant, through his business as a professional marketer, invaded Plaintiff's privacy, harassed Plaintiff, acted as a nuisance, and used Plaintiff's limited telephone minutes by repeatedly calling Plaintiff's phone number using an automatic telephone dialing system ("ATDS") and leaving lengthy "prerecorded voice messages" on Plaintiff's phone without permission. *Id.* at 6, ¶¶ 10-

1-OPINION AND ORDER

12. Plaintiff complained that Defendant called him 18 times from July 28, 2016 through October 20, 2016 (*id.*), despite Plaintiff registering on the national "Do Not Call" list specifically to avoid these types of advertising calls. *Id.* at 9, ¶ 22. Plaintiff's Complaint sought injunctive relief and actual or statutory damages of $1500 for each violation of the TCPA ("total $27,000), up to $5000 for violations of Oregon state law, punitive damages, attorney's fees, and costs. *Id.* at 10, ¶ 27.

Defendant Harris appeared January 30, 2017 by filing a Motion to Dismiss or in the Alternative to Stay Proceedings, disputing Plaintiff's standing under the TCPA, personal jurisdiction, failure to properly plead claims, and arguing the case should be stayed pending an outcome in another case involving ATDSs. *Mot. Dismiss* at 2, ¶ I-II, ECF No. 8. Plaintiff filed a Response February 13, 2017 (*Pl. Resp. Mot. Dismiss*, ECF No. 9) and amended his complaint February 16, 2017. *First Am. Compl.*, ECF No. 10. Plaintiff's First Amended Complaint reduced the damages for state law claims to $3600. *Id.* at 18-19, ¶ 47.

By March 16, 2017, Defendant had not filed a Reply to the Plaintiff's Response to the Motion to Dismiss, and the Court received and filed Plaintiff's Motion for Entry of Default. *Pl. Mot. Default*, ECF No. 12. The Court denied that Motion, as Defendant "has appeared in this lawsuit." *Order*, ECF No. 13. The Court also denied Defendant's Motion to Dismiss as moot, given Plaintiff's filing of a First Amended Complaint. *Id.* The Court ordered Defendant to file any Motion to Dismiss the First Amended Complaint within 30 days of the Order. *Id.*

Defendant filed an Answer to the Plaintiff's Amended Complaint on May 2, 2017, in which Defendant first claimed that "[A] Copy of the Amended Complaint was not received by the Defendant, therefore please accept this correspondence by the Court as Answer [T]o Plaintiff's Amended Complaint." *Answer*, ECF No. 15 at 1. In lieu of a formal Answer,

2-OPINION AND ORDER

Defendant's correspondence was a letter to "The Honorable Judge Jolie A. Russo" in which he stated that Plaintiff is a "self-proclaimed Business Owner, Business Coach and Marketing Expert." *Id.* He alleged that Plaintiff requested information from him about how Plaintiff could arrange to use Defendant's marketing services on Plaintiff's behalf, and, that after several months of communication with Defendant, Plaintiff requested an invoice because "he was ready to hire John Harris for his Marketing Services." *Id.* Further, Defendant alleged that Plaintiff has filed multiple, similar cases as the present case, and that because Defendant did not comply with Plaintiff's multiple Demand letters asking for money, Plaintiff filed a Complaint. *Id.* at 1-2. Defendant claims that since filing the Complaint, Plaintiff has called Defendant "multiple times and bragged…about his 'self-taught' knowledge of how to file this type of case and that he is confident that he will be awarded 10's of thousands of dollars by this Court." *Id.* Defendant complains of Plaintiff wasting the Court's time and denies that Plaintiff has suffered harm caused by Defendant. *Id.* at 2.

Defendant filed a subsequent one-paragraph "Amended Answer to Plaintiff's Amended Complaint" May 8, 2017, simply denying all claims. *Am. Answer*, ECF No. 16. Defendant failed to file affirmative defenses in, and did not attach exhibits to, either Answer. *Answer*, ECF No. 15, *Am. Answer*, ECF No. 16. Plaintiff filed a Response to the Answer (*Pl. Resp. Def. Answer*, ECF No. 17) and a Response to the Amended Answer (*Pl. Resp. Def. Am. Answer*, ECF No. 18), on May 10, 2017 and May 19, 2017 respectively.

Plaintiff filed a Motion for Leave to File Second Amended Complaint (*Mot. Leave File Sec. Am. Compl.*, ECF No. 19), which the Court granted June 28, 2017. *Order*, ECF No. 20. Plaintiff filed the Second Amended Complaint ("SAC") twice, once on June 29, 2017 and again on July 12, 2017, with no intervening documents filed by either party, or orders issued by the

3-OPINION AND ORDER

Court. *Sec. Am. Compl.* ECF No. 22, *Sec. Am. Compl.*, ECF No. 23. The body of the two SACs are substantively identical. *Compare* Sec. Am. Compl., ECF No. 22, *with* Sec. Am. Compl., ECF No. 23. As the Court notes in its September 7, 2017 Order (ECF No. 29), Plaintiff's SAC makes only one change to the First Amended Complaint: Plaintiff alleges Defendant John Harris is "also known as (aka) Jonathan Ashford Parr." *Sec. Am. Compl.* at 1, ¶ I, ECF No. 22, *Sec. Am. Compl.*, at 1, ¶ I, ECF No. 23. On August 7, 2017, Plaintiff filed a Motion for Judgment. *Pl. Mot. J.*, ECF No. 25.

Defendant's Answer to the SAC (in response to both filed SAC's docketed as ECF Nos. 22 and 23), in which he again simply denies all claims, was filed August 14, 2017 (*Answer Sec. Am. Compl.*, ECF No. 26), and Plaintiff's Response to that Answer followed on August 29, 2017. *Pl. Resp. Answer Sec. Am. Compl.*, ECF No. 28. An August 14, 2017 "Clerk's Notice of Mailing" notes that the Answer from Defendant John Harris "was sent in by mail." *Clerk Notice Mail.*, ECF No. 27.

Because Plaintiff's SAC is identical to the First Amended Complaint, "except that Plaintiff added an "aka" for Defendant," and because Defendant had filed an Answer to the SAC, the Court ruled that the Plaintiff's Motion for Judgment was moot. *Order*, ECF No. 29. The Court ordered the parties to file Status Reports proposing pretrial deadlines, "including the close of discovery and dispositive motions, by 10/5/2017." *Id.* Plaintiff filed his Status Report September 26, 2017. *Pl. Status Report*, ECF No. 30.

Defendant failed to follow the Court's Order directing the parties to file Status Reports. *See generally* Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-JR (D. Or.). The Court noted Defendant's non-compliance on October 10, 2017, five days after the Status Report was due, but allowed Defendant another ten days to file or object to Plaintiff's Status Report, warning

4-OPINION AND ORDER

Defendant that failure to file the Report would result in the Court adopting Plaintiff's proposed timelines. *Order*, ECF No. 32. By November 7, 2017, Defendant had again failed to submit the Status Report and the Court adopted Plaintiff's schedule. *Sched. Order*, ECF No. 34. The Clerk noted mailing the order to both parties that same day. *Clerk Notice Mail.*, ECF No. 35.

Almost two months later, on January 8, 2018, Plaintiff filed a Motion to Compel Discovery. *Pl. Mot. Compel*, ECF No. 36. On February 1, 2018, Judge Russo set a telephone Status Conference (*Sched. Order*, ECF No. 39), of which both parties were again notified by mail by the Clerk. *Clerk Notice Mail*, ECF No. 40. On March 2, the date of the scheduled Status Conference, Defendant failed to appear. *Min. Proceed.*, ECF No. 41. Plaintiff appeared *pro se*. *Id.* Three days later, on March 5, 2018, the Court granted Plaintiff's Motion to Compel Discovery, ordering Defendant to either respond to Plaintiff's first set of interrogatories and request for production within fourteen days of the Order, or to object. *Order*, ECF No. 42. Importantly for purposes of the present Motion, Judge Russo notified Defendant that "*[A]ny continued refusal to respond or object may be treated as a concession of liability so that judgment will be entered for the plaintiff.*" *Id.* (emphasis added). The Clerk issued a Notice of Mailing indicating both parties were mailed the Order. *Clerk Notice Mail.,* ECF No. 43.

Plaintiff's March 27, 2018 Notice to Court and Status Update alerted the Court that Defendant remained out of compliance with court orders regarding discovery by failing to respond to interrogatories or produce any documents requested by Plaintiff, making no attempts to contact Plaintiff, and not filing a notice of intent to respond. *Pl. Notice Court Status Update*, at 1-2, ¶ 3 ECF No. 44; *see generally* Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-JR (D. Or.). The Court issued an Order on March 28, 2018 noting that "[A]s of the date of this Order, defendant has failed to either respond to plaintiffs [sic] discovery requests or file

5-OPINION AND ORDER

objections." *Order*, ECF No. 45. The Court ordered the parties to file a written status report by April 11, which was mailed to the parties on March 29, 2018. *Order*, ECF No. 45; *Clerk Notice Mail.*, ECF No. 48. Plaintiff filed his Status Report as ordered, on April 5, 2018. *Pl. Status Report*, ECF No. 49.

Defendant obtained an attorney who, on April 10, 2018, filed a Notice of Appearance (*Notice Appear.*, ECF No. 50), a Status Report (*Def. Status Report*, ECF No. 52), and moved for an Extension of Time to Respond to the Court's March 3, 2018 Discovery Order. *Def. Mot. Ext. Time Respond*, ECF No. 51. The court granted Defendant's Motion for Extension of Time and set new dates for completing discovery and for filing dispositive motions. *Order*, ECF No. 53.

In the meantime, on April 18, 2018, Plaintiff filed a Motion to Deny Defendant's Motion for Extension of Time to Respond to Discovery Order (*Pl. Mot. Deny Def. Mot. Ext. Time*, ECF No. 54). Plaintiff's Motion to Deny Defendant's Motion for Extension of Time was filed two days after the Court's Order granting Defendant's Motion for Extension of Time (*Order*, ECF No. 53). Thus, the Court ruled Plaintiff's Motion to Deny Defendant's Motion for Extension of Time moot. *Order*, ECF No. 55.

In the Order denying Plaintiff's Motion to Deny Defendant's Motion for Extension of Time (ECF No. 55), the Court ordered that the parties confer on all motions, as required by Local Rule 7-1(a). The Court specifically ordered Defendant to comply with the discovery deadlines previously ordered on March 3, 2018 in ECF No. 42. *Id.* The Court noted that "this matter has been pending for nearly a year and a half and meaningful discovery has yet to commence. No further extensions of time will be allowed without a showing of good cause." *Id.*

Defendant's counsel filed an Unopposed Motion to Withdraw on August 14, 2018, citing "a breakdown in the attorney-client relationship." *Def. Mot. Withdraw, Decl. Counsel*, Attach. 1 at 1, ¶ 3, ECF No. 56. The Court granted the Motion to Withdraw on August 21. *Order*, ECF No. 57.

Meanwhile, the day before, on August 20, 2018, Plaintiff filed a Second Motion to Compel Discovery. *Pl. Sec. Mot. Compel*, ECF No. 59. The Court granted Plaintiff's Second Motion to Compel on September 10, 2018 and ordered Defendant's responses or objections within fourteen days. *Order*, ECF No. 60. The Clerk filed a Notice of Mailing to both parties, that same day. *Clerk Notice Mail.*, ECF No. 61. Up to this point, no mail had been returned to this Court as undeliverable. *See generally* Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-JR (D. Or.).

On October 10, 2018, the Court ordered a Status Conference (*Sched. Order*, ECF No. 64) and the Clerk mailed the Scheduling Order to both parties. *Clerk Notice Mail.*, ECF No. 66. That same day, Plaintiff filed a Motion for Default Judgment for Defendant's Failure to Produce Discovery. *Pl. Mot. Default*, ECF No. 65. On October 29, 2018, the Court received notice that the Scheduling Order (ECF No. 64) had been returned as undeliverable to Defendant and was unable to be forwarded. *Note*, ECF No. 68. On November 8, 2018, the Court attempted to call Defendant at the phone number he had provided the Court; the Clerk's docket entry reflects that the number was no longer a working number. Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-JR (D. Or.) (Nov. 8, 2018). The Clerk again mailed the Scheduling Order, telephone conference call-in information, and a letter instructing Defendant to update the Court with his correct contact information, to the address found listed in Plaintiff's SAC and Defendant's prior

attorney's Declaration in Support of Motion to Withdraw. *NON-PUBLIC Remark/Staff Notes*, Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-MK[1] (D. Or.) (Nov. 8, 2018).

On November 9, 2018, the Clerk was able to contact Defendant by phone at the number found by the Court in the Declaration in Support of Motion to Withdraw (*Def. Mot. Withdraw, Decl. Counsel*, Attach. 1 at 1, ¶ 3, ECF No. 56), and inform Defendant of the pending Status Conference. *NON-PUBLIC Remark/Staff Notes*, Civ. Docket, *Madsen v. Harris*, Case No. 1:16-cv-02170-MK (D. Or.) (Nov. 9, 2018). Defendant confirmed his mailing address with the Court at this time.

On November 11, 2018, both parties appeared *pro se* by telephone before Magistrate Judge Kasubhai at the status conference. Defendant indicated his willingness to comply with discovery and complained that he had experienced trouble retrieving mail for various reasons.

In summary, Defendant failed to comply with the Court's first Order granting Plaintiff's Motion to Compel Discovery, failed to respond to Plaintiff's First set of Requests for Admission, failed to respond to Plaintiff's Second Set of Requests for Production of Documents and Request for Admissions, and subsequently failed to produce discovery as the Court ordered in granting Plaintiff's Second Motion to Compel Discovery. Defendant also failed to appear at a scheduled status conference. Defendant's behavior forced his own attorney to withdraw. As noted previously, the Court warned Defendant that his continued failure to meaningfully participate in this lawsuit may be viewed as a concession of liability. The Court has found no evidence in the record credibly explaining Defendant's failures to participate in discovery as required by the Federal Rules of Civil Procedure, nor has Defendant himself produced a credible explanation for

---

[1] On September 21, 2018, this case was re-assigned to Magistrate Judge Mustafa T. Kasubhai, changing the designation of the last two initials of the case from "JR" to "MK."

8-OPINION AND ORDER

his disregard for this Court's orders. Defendant's conduct reflects a failure to act in good faith for over two years, since this case was filed in November of 2016.

## II. Standard of Review

Plaintiff filed a Motion for Default Judgment. As a preliminary clarification, in reviewing the Plaintiff's Motion, the Court notes Plaintiff's multiple references to Federal Rule of Procedure 37 as the basis for his Motion, citing Defendant's failure to comply with a court order. ECF No. 65. Thus, this Court construes Plaintiff's Motion as a Motion for Sanctions under Rule 37, with the requested sanction being default judgment in favor of Plaintiff.

Rule 37(b) of the Federal Rules of Civil Procedure permit the Court to sanction a party who disobeys discovery orders. Fed. R. Civ. P. 37(b)(2)(A). "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1985) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). A district court's decision will not be disturbed unless the court committed a clear error of judgment in its conclusion, after weighing the relevant factors. *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F. 2d at 589 (internal quotations omitted).

The pertinent sanctions detailed in Federal Rule of Civil Procedure include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;

9-OPINION AND ORDER

> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. Rule. Civ. P. 37(b)(2) (A)(i-vii).

Case-dispositive sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). While a terminating sanction such as a default judgment is severe, and requires willfulness, bad faith, and fault to justify (*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), it may be appropriate to reject lesser sanctions where it is anticipated there will be continued willful deceit, or conduct that otherwise taints "the entire pretrial process." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916-17 (9th Cir. 1987). However, the district court abuses its discretion if it imposes dismissal as a sanction without first considering the impact of such a sanction, and whether less drastic sanctions could cure the disobedience at issue. *United States v. Nat'l Med. Enter., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). The Court is obligated to impose lesser sanctions than dismissal, if feasible. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

In evaluating whether to impose a case-dispositive sanction under Rule 37, the Court must consider the following five factors: 1) the public's interest in efficient resolution of litigation; 2) the court's need to manage its dockets; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposing of cases on their merits; and 5) the availability of less drastic sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The district court does not have to make explicit findings regarding these factors.

10-OPINION AND ORDER

*United States for Use and Benefit. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988).

### III. Analysis

An analysis of the five factors listed above supports imposing substantial sanctions on Defendant that fall short of ordering default.

    a. Factors 1 and 2: The Public and Judicial Interest in Efficiency

The Ninth Circuit held that the public has an overriding interest in judicial efficiency, and that "expeditious resolution of disputes is of great importance to the rule of law…delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). In achieving the goal of judicial efficiency, the court has a need to manage its dockets. *Id.* The court must not be subject to "endless non-compliance with case management orders" such that the case disposition is unnecessarily protracted. *Id.* (quoting *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

This Court finds that Defendant's conduct has significantly impacted the first two factors. The Court made repeated efforts for over two years to facilitate expeditious and efficient litigation between the two parties, as is appropriate considering both the public's and the court's interest in efficient resolution of cases. The Court ordered conferences to assist the *pro se* litigants in coordinating discovery and other court deadlines, granted two motions to compel, liberally allowed amendments to pleadings when so requested by the parties, and gave fair and multiple written warnings to the Defendant, explaining that his refusal to act in accordance with the Court's orders could result in his conceding liability in this case.

The Court has seen no material return on its efforts to support the parties' efficient resolution of the case and to manage its own docket. The Defendant has thwarted the public's interest in, and

11-OPINION AND ORDER

the court's goal of, judicial efficiency. The first two factors weigh heavily in favor of severe sanctions.

### b. Factor 3: Risk of Prejudice to the Party Seeking Sanctions

The Ninth Circuit held that a party's failure to produce documents as ordered is considered sufficient prejudice to support sanctions *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Prejudice results when a party is forced to rely on "incomplete and spotty evidence" at trial, due to the opposing party's refusal to provide documents in discovery. *Id.* (quoting *Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 353 (9th Cir. 1995)). Actions interfering with rightful decision of the case are prejudicial although delay alone is insufficient to cause prejudice. *Adriana Int'l. Corp. v. Thoeren,* 913 F.2d at 1412.

The Defendant failed repeatedly to produce discovery documents and to respond timely in accordance with discovery rules. He failed to respond to the Second Set of Interrogatories, and the First Request for Admissions. Most significantly, Defendant failed to respond to a Court-ordered Motion to Compel Discovery. The delay in discovery that was provided to Plaintiff, and the significant overall lack of discovery, greatly prejudiced Plaintiff in his ability to prosecute his case. The lack of discovery inhibited Plaintiff's ability to properly construct his claim and interferes with the Court's ability to make a rightful decision. This factor weighs heavily on the side of significant sanctions.

### c. Factor 4: Public Policy Favors Deciding Cases on the Merits.

Public policy dictates that, if possible, cases be decided on their merits. *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d at 1228. The Court weighs this factor in favor of non-dispositive sanctions.

d. Factor 5: Availability of Sanctions Less Drastic than Dismissal.

Close review of the fifth factor requires the Court to determine whether the Court considered lesser sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). An appellate court will evaluate whether a district court adequately considered less drastic sanctions by reviewing whether the district court 1) explicitly discussed the alternative of a lesser sanction and explained why it would be inappropriate; 2) imposed lesser sanctions before dismissing the case; and 3) warned the offending party about the possibility of case-dispositive sanctions. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (per curiam).

While a court should impose lesser sanctions when possible, *United States. for Use and Benefit. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d at 604, it is appropriate to reject lesser sanctions where it is anticipated there will be continued misconduct. *Adriana Int'l. Corp. v. Thoeren*, 913 F.2d at 1412-13; *and see, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Repeated failures to comply with discovery requests and Court discovery orders shows the requisite fault fully justifying case-dispositive sanctions. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The Court may consider all the offending party's discovery conduct when determining appropriate sanctions. *Henry v. Gill Enterprises*, 983 F.2d 943, 947 (9th Cir. 1993).

This factor weighs heavily in favor of sanctions, but the Court considers lesser sanctions than the requested default sanction because the Court has not yet formally sanctioned Defendant. Had Defendant already been sanctioned, his behavior would result in a default order being entered against him. Defendant exhibited bad faith and willful behavior. Defendant failed to appear at a hearing. Defendant failed to keep the Court informed of his correct address and phone number. He failed to provide discovery to Plaintiff or his own attorney in compliance with Federal Rules of Civil Procedure. Court orders have been ignored. Finally, the Court warned Defendant multiple times regarding his failure to comply with discovery orders, including a

13-OPINION AND ORDER

warning that his continued failure to cooperated with discovery would likely result in the Court viewing his failures as a concession of liability.

### IV. <u>Sanctions</u>

Because no lesser sanctions have been imposed and because Defendant appeared at the last scheduled hearing representing to the Court his willingness to now comply, and because of the courts' commitment to deciding cases on their merits, this Court imposes the following non-dispositive sanctions as provided by Federal Rule of Civil Procedure 37:

1) Defendant is precluded under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) from providing testimony on the issues raised in the interrogatories requested by Plaintiff, from otherwise supporting his own allegations against Plaintiff, or from opposing Plaintiff's claims via submission of evidence;

2) Under Federal Rule of Civil Procedure 37(c)(1), Defendant may not supply evidence he may have produced otherwise in accordance with Federal Rule of Civil Procedure 26(a) or (e) disclosures;

3) Under Federal Rule of Civil Procedure 37(c)(2), any of Defendant's prior failures to respond to Plaintiff's Requests for Admissions that Plaintiff later substantively proves to be true will result in Plaintiff being permitted to move for reasonable expenses and attorney's fees incurred in making that proof unless the admission is of no substantial importance, and;

4) Under Federal Rule of Civil Procedure 37(e), should the Court determine that Defendant failed to preserve electronically stored information that should have been preserved for litigation, and it cannot be restored or replaced through additional discovery, the Court upon finding that Defendant acted with the intent to deprive Plaintiff of that information

14-OPINION AND ORDER

will presume that the lost information was unfavorable to Defendant, and, if necessary, instruct a jury that it may so presume.

The Defendant is further ordered to comply with all current and future discovery requests. Should Plaintiff file a Motion for Summary Judgment, the Court will at that time consider whether the damages prayed for by Plaintiff should be awarded through final disposition of the case.

IT IS SO ORDERED.

DATED this 15th day of January, 2019.

_____
Mustafa T. Kasubhai
United States Magistrate Judge