IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFF MADSEN**, | |
| Plaintiff, | Civ. No. 1:16-cv-02170-MK |
| v. | **FINDINGS AND RECOMMENDATION** |
| **JOHN HARRIS**, doing business as Business Partner Services, | |
| Defendant. | |

**KASUBHAI, Magistrate Judge**:

*Pro se* plaintiff Jeff Madsen moves for summary judgment under Federal Rule of Civil Procedure 56 for all claims against *pro se* defendant John Harris. For the reasons discussed below, Plaintiff's motion should be DENIED.

**I.  BACKGROUND FACTS AND PROCEDURAL HISTORY**

The Court recently recounted the parties' facts and history in its January 15, 2019 Opinion and Order granting Plaintiff's Motion for Sanctions under Federal Rule of Civil Procedure 37. ECF No. 71. Therefore, this summary will be brief.

Plaintiff initiated litigation with a complaint filed on November 15, 2016. Compl., ECF No. 1. Plaintiff later amended his complaint with leave of the Court, and on July 12, 2017 filed the operative complaint in this matter, a Second Amended Complaint. ECF No. 23. Plaintiff alleged that Defendant willfully violated 47 U.S.C. § 227(b) *et seq.*, the Telephone Consumer

Protection Act ("TCPA"). Second Am. Compl. ¶ 35, ECF No. 23. Plaintiff included supplemental state claims alleging violations of Oregon Revised Statutes 646.553, 646.557, 646. 563, 646.569, 646A.372, and claimed a private right of action under Oregon Revised Statute 646.638. *Id.* at ¶ 39.

Plaintiff alleged that Defendant invaded Plaintiff's privacy, harassed Plaintiff, and acted as a nuisance. *Id.* at 6. Plaintiff alleged that Defendant called Plaintiff eighteen times from July 28, 2016 through October 20, 2016 using an automatic telephone dialing system ("ATDS") and leaving lengthy prerecorded voice messages on Plaintiff's cellular phone without Plaintiff's permission. *Id.* at 14. Plaintiff alleged that Defendant worked as a professional marketer, *id.* at ¶ 8, and that, prior to receiving Defendant's calls, Plaintiff registered himself on the national "Do Not Call" list specifically to avoid advertising and sales calls, *id.* at ¶ 40.

Plaintiff seeks treble damages of $1500 per phone call, $27,000 total, under the TCPA because he claims the calls were intentional. *Id.* at ¶ 35; Pl. Mot. Summ. J. ¶¶ 10, 25, ECF No. 73. He seeks $3600 total for the violations under Oregon Revised Statute 646A.372. Second Am. Compl. ¶ 47, ECF No. 23; Pl. Mot. Summ. J. ¶ 25, ECF No. 73.

After Plaintiff filed his initial complaint, Defendant filed a motion to dismiss, ECF No. 8, and Plaintiff amended his complaint multiple times, ECF Nos. 10, 22, 23. Defendant filed an answer, complaining that Plaintiff frequently files consumer protection complaints, and does so as a money-making scheme. Answer 1, ECF No. 15. After engaging in minimal discovery with Plaintiff, Defendant repeatedly failed to meet deadlines ordered by the Court. *See* ECF No. 32 (failure to file a status report); ECF No. 41 (failure to appear at telephone discovery hearing); ECF No. 42 (Order granting Plaintiff's motion to compel and instructing Defendant to respond to plaintiff's interrogatories and requests for production). In granting Plaintiff's motion to compel

on March 5, 2018, Magistrate Judge Russo warned Defendant that "[a]ny continued refusal to respond or object may be treated as a concession of liability so that judgment will be entered for the plaintiff." Order, ECF No. 42.

Defendant retained an attorney, who appeared April 10, 2018. Notice Appearance, ECF No. 50. Counsel was granted leave to withdraw on August 21, 2018, Order, ECF No. 57, citing a breakdown in the attorney-client relationship, and leaving a last known address for Defendant that differed from the one Defendant filed with the Court. Unopposed Mot. Withdraw, ECF No. 56.; *and see* Note, ECF No. 68.

On September 10, 2018, the Court granted Plaintiff's Second Motion to Compel due to Defendant's ongoing failure to engage in discovery. Order, ECF No. 60. When Plaintiff filed a motion for default judgment on October 10, 2018, ECF No. 65, the Court ordered a status conference, ECF No 64. The Defendant appeared by telephone at the November 13, 2018 status conference, confirming his correct mailing address and telephone number, and informed the Court that he would comply with discovery and other future orders.

On January 15, 2019, after reviewing Plaintiff's Motion for Default Judgment, the Court construed the motion as a motion for sanctions under Federal Rule of Civil Procedure 37 and issued an order sanctioning Defendant. Op. and Order, ECF No. 71. Those sanctions included, among other things, (1) precluding Defendant from providing testimony on issues Plaintiff previously raised in interrogatories but not responded to by Defendant, and (2) precluding Defendant from adducing evidence that he should have produced in the normal course of discovery under Federal Rule of Civil Procedure 26(a) or (e). *Id.* at 14-15. The Court ordered Defendant to comply with all current and future discovery requests. *Id.* at 15.

PAGE 3—FINDINGS AND RECOMMENDATION

Plaintiff filed a Motion for Summary Judgment on February 20, 2019. ECF No. 73. Plaintiff seeks summary judgment on his TCPA claim, and on state claims under Oregon Revised Statutes 646.569, 646A.372, and claims that a private right of action is conferred by Oregon Revised statute 646.638. *Id.* Plaintiff includes exhibits to support his claims and a declaration. *Id.;* Decl. Jeff Madsen, ECF No. 74. Defendant failed to respond to the motion for summary judgment. *See* Docket, Civil Case No. 1:16-cv-02170-MK.

## STANDARD OF REVIEW

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)).

When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)). The non-moving party must "go beyond the pleadings, and by… affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). However, Rule 56 "mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish…an element essential to that party's case…" *Id.*

## DISCUSSION

Plaintiff seeks summary judgment of his TCPA and supplemental state law claims. For the reasons discussed below, the Court should deny Plaintiff's motion for summary judgment as to all claims.

### A.  Telephone Consumer Protection Act

The Telephone Consumer Protection Act ("TCPA" or "Act") 48 Stat. 1064, prohibits calls made using a telephonic facsimile, computer, or other device for the purpose of unsolicited advertisement, unless the caller has an established business relationship with the recipient. 47 U.S.C. § 227(b)(1)(C). The Act also prohibits calls made using an ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless the recipient expressed consent prior to the call. 47 U.S.C § 227(b)(1)(A); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666-667 (2016).

47 U.S.C. § 227(a)(1) defines ATDS as "equipment which has the capacity –(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." The Act provides a private right of action, including $500 damages for each violation. 47 U.S.C. § 227(b)(3)(B); *Campbell-Ewald Co.*, 136 S. Ct. at 667. The Act allows for up to treble damages should the court find that a defendant willfully or knowingly violated the Act. 47 U.S.C. § 227(b)(3)(B); *Campbell-Ewald Co.*, 136 S. Ct. at 667.

As the analysis below details, Plaintiff fails to prove there is no genuine issue of material fact as to whether Defendant used a device, including an ATDS or a pre-recorded or artificial voice, in making numerous calls to Plaintiff. Therefore, Plaintiff's motion for summary judgment should be denied.

**Analysis**

Plaintiff provides undisputed evidence of all but one of the elements of a TCPA claim.

First, Plaintiff provides evidence that he received eighteen calls from Defendant between July 2016 and November 2016. Pl. Mot. Summ. J. ¶¶ 10, 16, ECF No. 73; Decl. Jeff Madsen, ECF No. 74.

Plaintiff next provides evidence that Defendant, through an alias or as a business, made sales calls to Plaintiff; Plaintiff provides evidence that, using the name John Harris, Defendant conducts business as "Business Partner Services ("BPS")."[1] Pl. Mot. Summ. J. ¶¶ 8-9, Ex. H-2, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. Defendant admitted in an answer to Plaintiff's First Interrogatory that he is an "affiliate re-sale marketer for a company called Turbo Wealth Solutions." Pl. Mot. Summ. J. ¶ 17, Ex. J-3, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. Defendant admitted that he used websites, including "SecretGoldRush.com" to market and solicit business. Pl. Mot. Summ. J. ¶14, Ex. J-4, K, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. Finally, Defendant admitted that he purchased number lists and used those numbers to make sales calls. Pl. Mot. Summ. J. ¶ 16, Ex. J-1, ECF No. 73; Decl. Jeff Madsen, ECF No. 74.

Next, Plaintiff denies a prior business relationship with Defendant. Pl. Mot. Summ. J. ¶ 12, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. Plaintiff also submits in his declaration that he never consented to calls from Defendant, either as John Harris or as BPS. Pl. Mot. Summ. J. ¶ 12, ECF No. 73; Decl. Jeff Madsen, ECF No. 74.

Lastly however, Plaintiff fails to prove there is no genuine issue of material fact as to whether Defendant used a device, including an ATDS or pre-recorded or artificial voice, when calling Plaintiff.

---

[1] Plaintiff provides evidence that Defendant John Harris is an alias for Jonathan Ashford Parr. Pl. Mot. Summ. J. ¶¶ 8-9, Ex. H-2, H-3, H-4, ECF No. 73; Decl. Jeff Madsen, ECF No. 74.

PAGE 6—FINDINGS AND RECOMMENDATION

In his complaint, Plaintiff alleges that the messages left on his phone by Defendant were pre-recorded. Second Am. Compl. ¶¶ 2, 9, ECF No. 23. However, Plaintiff does not support this allegation with evidence in his motion for summary judgment. *See* Pl. Mot. Summ. J., ECF No. 73. While Plaintiff presents evidence that Defendant left voice mail messages on Plaintiff's cell phone, *id.* at ¶ 11, he fails to clarify if those voice mail messages were pre-recorded.

More importantly, Plaintiff presents evidence, through his declaration, that Defendant used an ATDS in calling Plaintiff from July to November, 2016. Pl. Mot. Summ. J. ¶ 10, ECF No. 73. Concurrently, however, in an exhibit attached by Plaintiff and described as Defendant's answers to interrogatories, Defendant denied using an ATDS to contact Plaintiff. Pl. Mot. Summ. J. Ex. J-1, ECF No. 73.

Under *Celotex*, a defendant's statement in an interrogatory on file is evidence of a genuine issue of material fact. During the limited discovery in which Defendant participated, Defendant answered an interrogatory. Pl. Mot. Summ. J. Ex. J-1, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. In responding to a question about the type of communication systems he used when calling Plaintiff, Defendant stated he "never used any random number or sequential number generator in making [ ] sales calls." Pl. Mot. Summ. J. Ex. J-1, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. Defendant admitted that he "'used a software program provided by Voice Broadcasting Corp. to make targeted calls during the time period outlined above.' (July 18, 2016 to October 20, 2016)…'Defendant purchased opt-in call number lists…and used those numbers in its sales calls.'" Pl. Mot. Summ. J. Ex. J-1, ECF No. 73; Decl. Jeff Madsen, ECF No. 74. However, Defendant stated that he was unaware of whether the software program he used "has the ability to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers." Pl. Mot. Summ. J. Ex. J-1, ECF No. 73.

PAGE 7—FINDINGS AND RECOMMENDATION

Even though Defendant failed to respond to Plaintiff's motion for summary judgment, and previous court sanctions prohibited him from adducing new evidence due to his failure to comply in large part with discovery orders (Op. and Order ¶ IV, ECF No. 71), Plaintiff offers Defendant's answer to the interrogatory as evidence in support of his motion for summary judgment. Pl. Mot. Summ. J. Ex. J-1, ECF No. 73. Defendant's answer is an interrogatory on file, and as such, is sufficient under *Celotex* to show evidence of a genuine dispute as to whether Defendant used a device, including an ATDS, to call Plaintiff.

In viewing the facts in a light most favorable to the non-movant, this Court finds that Plaintiff fails to prove there is no genuine issue of material fact as to whether Defendant violated the TCPA by using a device, an ATDS, or pre-recorded or artificial voice messages to call Plaintiff. The Court recommends that Plaintiff's motion for summary judgment be denied as to the TCPA claim.

**B.    Oregon Revised Statutes**

In his motion for summary judgment, Plaintiff argues that Defendant violated Oregon Revised Statutes 646.569 and 646A.372. Pl. Mot. Summ. J. ¶ 23, ECF No. 73. Plaintiff also claims a private right of action under Oregon Revised Statute 646.638. *Id.* at ¶ 24. For the reasons discussed below, Plaintiff's motion for summary judgment of all state law claims should be denied.

<u>**Analysis**</u>

Because Plaintiff fails to support his state law claims with evidence, fails to prove there is no genuine issue of material fact, or fails to satisfy procedural requirements required by statute, his motion for summary judgment should be denied as to each claim. Each state claim is analyzed in turn.

PAGE 8—FINDINGS AND RECOMMENDATION

### a. Oregon Revised Statute 646.569

Oregon Revised Statute 646.569 prohibits telephone solicitation of a party whose number is listed on either the Oregon state or federal registry of persons who do not wish to receive telephone solicitation. Although Plaintiff alleges in his complaint that he is on a "National Do Not Call List," Second Am. Compl. ¶ 10, he fails to present evidence of this in his motion for summary judgment. *See* Pl. Mot. Summ. J., ECF No. 73. Plaintiff does not adduce evidence that he is on either the Oregon state or the federal registry. *See id.* Plaintiff fails to establish that Defendant violated the statute by calling a party whose number is listed on a registry outlined by the statute, and so fails to meet an element required to prove a violation of the statute. Plaintiff's motion for summary judgement on this claim should be denied.

### b. Oregon Revised Statute 646A.372

Oregon Revised Statute 646A.372, like the TCPA, prohibits callers from using automatic dialing and announcing devices, with some exceptions for callers who qualify as law enforcement or debt collectors. For the same reasons discussed above regarding his TCPA claim, Plaintiff fails to prove there is no genuine issue of material fact as to whether the calls made by Defendant were made with an ATDS or announcing device. Thus, Plaintiff's motion for summary judgment on this claim should be denied.

### c. Oregon Revised Statute 646.638

Oregon Revised Statute 646.638 authorizes a private right of action for ascertainable loss of money or property occurring as a result of unlawful business or trade practices under Oregon Revised Statute 646.608. Oregon Revised Statute 646.638(1) authorizes recovery of actual damages or statutory damages of $200 per act, whichever is greater. A plaintiff who brings action under this statute:

> shall mail a copy of the complaint or other initial pleading to the Attorney General at the time the action commences…a court may not enter judgment for the plaintiff until proof of mailing is filed with the court. Proof of mailing may be by affidavit or by return receipt of mailing.

*Id.* at Sec. (2).

First, in his motion for summary judgment Plaintiff fails to adduce evidence of an ascertainable loss caused by Defendant. *See* Pl. Mot. Summ. J., ECF No. 73. Further, Plaintiff fails to provide evidence that he met the threshold requirement of mailing a copy of his complaint to the Attorney General. *Id*. Thus, the court may not enter judgment for Plaintiff even had Plaintiff provided evidence of ascertainable loss due to the calls he received from Defendant. For these reasons, Plaintiff's motion for summary judgment as to this claim should be denied.

In summary, Plaintiff fails to prove there are no genuine issues of material fact as to his TCPA claim and his claim under Oregon Revised Statute 646A.372. He also fails to adduce evidence to sustain state law claims under Oregon Revised Statutes 646.569 and 646.638. Thus, Plaintiff's motion for summary judgment should be denied as to all claims.

## RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment be DENIED for the reasons discussed above.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's

right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 21st day of May 2019.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge

PAGE 11—FINDINGS AND RECOMMENDATION