IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JEFF MADSEN, | Civ. No. 1:16-cv-02170-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| JOHN HARRIS, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiff's oral motion for a terminating or default sanction. Defendant's failure to participate or seriously engage with litigation and discovery has been a recurring problem in this case. The history of this issue is set forth in detail in Judge Kasubhai's Opinion and Order on Plaintiff's Motion for Sanctions ("O&O"). ECF No. 71. In that Order, Judge Kasubhai found that Defendant's conduct was willful and in bad faith and that sanctions were appropriate but declined to impose a default sanction only because Defendant had not yet been formally sanctioned by the Court. O&O at 13 ("Had Defendant already been

sanctioned, his behavior would result in a default order being entered against him."). Judge Kasubhai then imposed a raft of lesser sanctions on Defendant.

In the months following the imposition of sanctions, Defendant engaged with the litigation to some degree. But in December 2020, Plaintiff reported that Defendant had failed to provide required financial disclosures and was not responsive to Plaintiff's calls or emails. ECF No. 89. Defendant subsequently failed to appear at two successive status conferences set by the Court and was unresponsive to the Court's attempts to communicate with him. ECF Nos. 91, 93. At the second of these status conferences, held on November 15, 2021, ECF No. 93, Plaintiff made an oral motion for default sanctions against Defendant and the Court concludes that Defendant's conduct merits revisiting that issue.

Federal Rule of Civil Procedure 37(b) "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1985). Among the permissible range of sanctions under Rule 37 is "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

Case dispositive sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to determine those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). While a terminating sanction such as a default

judgment is severe and requires willfulness, bad faith, and fault to justify, it may be appropriate to reject lesser sanctions where it is anticipated there will be continued willful conduct that otherwise taints the entire pretrial process. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916-17 (9th Cir. 1987). Before imposing a terminating sanction, courts are required to first consider the effect of such a sanction, and whether less drastic sanctions could cure the disobedience at issue. *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).

In evaluating whether to impose a case-dispositive sanction under Rule 37, the Court must consider the following five factors: (1) the public's interest in efficient resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

With respect to the first two factors, the Ninth Circuit has held that the public has an overriding interest in judicial efficiency and that "expeditious resolution of disputes is of great importance to the rule of law . . . delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1219, 1227 (9th Cir. 2006). In achieving the goal of judicial efficiency, the court has a need to manage its own dockets. *Id*. The court must not be subject to "endless non-compliance with case management orders" such that the

case disposition is unnecessarily protracted. *Id.* (internal quotation marks and citation omitted). In January 2019, Judge Kasubhai found that the first two factors "weigh[ed] heavily in favor of severe sanctions," O&O at 12, and this Court concurs with that conclusion, especially in light of Defendant's continued failure to comply with his obligations or appear at scheduled hearings.

With respect to the third factor, a party's failure to produce documents as ordered is considered sufficient prejudice to support sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Judge Kasubhai found that Defendant's failure to comply with his discovery obligations "weighs heavily on the side of significant sanctions." O&O at 12. Plaintiff reports that Defendant's recalcitrance in complying with his discovery obligations continued after the imposition of lesser sanctions and Defendant has failed to appear at hearings to explain his conduct. The Court concludes that this factor likewise weighs in favor of a terminating sanction.

Under the fourth factor, public policy dictates that, if possible, cases should be decided on their merits. *In re Phenylpropanolamine Prods. Litig.*, 460 F.3d at 1228. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits," and this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks and citation omitted). The Court concludes that this factor does not weigh against a terminating sanction.

Page 4 – OPINION & ORDER

The final factor involves the consideration of less drastic sanctions. Courts should discuss the availability and propriety of lesser sanctions, including whether lesser sanctions had already been imposed and whether the offending party had been warned about the possibility of a case-dispositive sanction. *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). While a court should impose lesser sanctions whenever possible, it is appropriate to reject lesser sanctions when it is anticipated there will be continued misconduct. *United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988); *Adriana Int'l Corp.*, 913 F.2d at 1412-13. Repeated failures to comply with discovery requests and court-imposed discovery orders shows the requisite fault fully justifying case-dispositive sanctions. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

In this case, the Court fully concurs with Judge Kasubhai's finding of willfulness and bad faith. O&O at 13. The Court notes that Judge Kasubhai explicitly warned Defendant of the possibility of terminating sanctions before imposing a raft of lesser sanctions in an attempt to bring Defendant into compliance with his obligations. The fact that Defendant's misconduct has continued despite Judge Kasubhai's imposition of lesser sanctions leads the Court to conclude that a default sanction is now the appropriate, and perhaps only, solution to the problem of Defendant's failure to engage with this case.

Accordingly, Plaintiff's oral motion for a default sanction is GRANTED and the Clerk is directed to enter a default order in this case. As discussed at the status

conference on November 15, 2021, Plaintiff is directed to submit an affidavit in support of a default judgment.

It is so ORDERED and DATED this     23rd     day of November 2021.

                                           /s/Ann Aiken  
                                           ANN AIKEN  
                                           United States District Judge