IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

|  |  |
|---|---|
| JEFF MADSEN, | Civ. No. 1:16-cv-02170-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| JOHN HARRIS, |  |
| Defendant. |  |

AIKEN, District Judge.

This case comes before the Court for default judgment. On November 15, 2021, this Court granted Plaintiff's oral motion for a default sanction and directed Plaintiff to enter an affidavit in support of a default judgment. ECF Nos. 93, 95. Plaintiff has submitted the required affidavit. ECF No. 94. For the reasons set forth below, default judgment is GRANTED and final judgment shall be entered in Plaintiff's favor.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55, the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed to timely plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "The general rule is that upon default the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted).

Rule 55 "provides that after the clerk's entry default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cr. 2010). "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "In exercising this discretion, district courts in the Ninth Circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)." *Trentadue v. Lamont*, Case No. 3:18-cv-01517-SB, 2019 WL 1323590, at *2 (D. Or. Mar. 6, 2019). The *Eitel* factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the district court's analysis, however, "is the general rule that default judgements are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

The Court concludes that the *Eitel* factors weigh in favor of default judgment. With respect to the first factor, Plaintiff will suffer prejudice in the absence of default judgment because, as discussed in the Court's order on terminating sanctions,

Defendant has refused to engage with litigation and so Plaintiff will be left with no alternative means for relief in the absence of a default judgment.

On the merits, Plaintiff's Second Amended Complaint ("SAC"), ECF No. 23, brings claims for violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and analogous Oregon consumer protection statutes. Plaintiff's cell phone number has been listed on the national "Do Not Call" list since 2010. SAC ¶ 10. Plaintiff alleges that Defendant violated state and federal statutes by repeatedly making unsolicited and harassing telephone calls to Plaintiff and leaving prerecorded voicemail messages without Plaintiff's consent or an established business relationship with Plaintiff. *Id.* at ¶ 9. Defendant is alleged to have used an auto-dialer to make the calls. *Id.* at ¶ 25. Defendant made eighteen such calls to Plaintiff's cell phone between July 28, 2016 and October 20, 2016 and Plaintiff alleges that the calls were made in willful defiance of the law. *Id.* at ¶¶ 29-30, 35.

The TCPA prohibits, with certain inapplicable exceptions, the making of calls "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private right of action for violation of its prohibitions and further provides that a plaintiff in such an action may recover "actual monetary loss from such a violation," or "$500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(b)(3)(B). "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

In Oregon, similar prohibitions against autodialing solicitation calls have been enacted. ORS 646A.372. ORS 646.569 prohibits telephone solicitation of a party whose number is listed on either the Oregon state or federal registry of persons who do not wish to receive telephone solicitation. ORS 646.563 provides that "[a] person engages in an unlawful practice if, during a telephone solicitation, the called party states a desire not to be called again and the person making the telephone solicitation makes a subsequent telephone solicitation of the called party at that number." Oregon law provides for a private action to enforce the prohibition against such calls and a plaintiff may recover "actual damages or statutory damages of $200, whichever is greater," for a willful violation. ORS 646.638(1). A prevailing plaintiff may also recover reasonable costs and fees in such an action. ORS 646.638(3). The Court concludes that both the second and third *Eitel* factors weigh in Plaintiff's favor.

Plaintiff seeks an award of statutory damages for eighteen willful violations of the TCPA and the Oregon consumer protection statutes, totaling $30,600. This sum is substantial, but it is also a reflection of the considered judgment of both Congress and the Oregon legislature in setting an amount sufficient to deter the sort of unsolicited calls alleged in the present case. The Court concludes that the fourth *Eitel* factor weighs in favor of default judgment.

Although the Court previously denied Plaintiff's motion for summary judgment, ECF Nos. 75, 79, "[w]hen default has been entered, courts find that there

is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) ("*Curtis I*"), *aff'd*, 682 F. App'x 604 (9th Cir. 2017) ("*Curtis II*"). This includes allegations of willful conduct. *Curtis II*, 682 F. App'x at 605. The fifth *Eitel* factor therefore weighs in favor of default judgment.

There is no evidence of excusable neglect in this case. In particular, the Court notes Defendant's sporadic appearances to defend against Plaintiff's claims and his subsequent disappearance and failure to respond to communications from both Plaintiff and the Court or to appear at scheduled hearings. The Court therefore concludes that the sixth factor weighs in favor of default judgment.

The seventh *Eitel* factors requires the Court to consider the strong policy of resolving disputes on the merits and this factor does weigh against default judgment, but "this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002) (internal quotation marks and citation omitted). Furthermore, Defendant's failure to engage in discovery or appear at Court hearings makes decision on the merits impractical, if not impossible. The seventh factor is simply outweighed by the other six factors.

After consideration of each of the *Eitel* factors, the Court concludes that Plaintiff has adequately demonstrated that Defendant violated both the TCPA and the Oregon consumer protection statutes on eighteen separate occasions. Plaintiff has alleged and demonstrated that Defendant's conduct was willful and knowing and so the Court concludes that Plaintiff is entitled to treble damages under 47 U.S.C. §

227(b)(3). Default judgment and an award of statutory damages is therefore appropriate in this case.

Based on the record in this case, allegations of the SAC, and on Plaintiff's affidavit in support of default judgment, ECF No. 94, the Court concludes that Plaintiff is entitled to treble statutory damages for eighteen violations of the TCPA, totaling $27,000. The Court further concludes that Plaintiff is entitled to statutory damages of $200 for each of Defendant's eighteen violations of Oregon's consumer protection statutes, totaling $3,600. Plaintiff shall therefore be awarded statutory damages in the amount of $30,600. In terms of fees and costs, Plaintiff, who is proceeding pro se, estimated that he spent 39.4 hours attempting to engage in discovery with Defendant and incurred printing and mailing costs in the amount of $110. Although these costs are not itemized, the Court concludes that $110 is "reasonable" for Plaintiff's costs under ORS 646.638(3). The Court declines to award attorney fees to Plaintiff.

## CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED and Plaintiff is awarded $30,600.00 in statutory damages and $110 in costs. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____4th____ day of March 2022.

        /s/Ann Aiken
       ANN AIKEN
       United States District Judge